UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARQUES D. MARTIN, | |
| Plaintiff, | Case No. 3:19-cv-00914 |
| v. | Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |
| CITY OF MURFREESBORO, TENNESSEE, et al., | |
| Defendants. | |

To:   The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

Pro se and *in forma pauperis* Plaintiff Marques D. Martin brings this civil rights action under 42 U.S.C. § 1983 against Defendants the City of Murfreesboro, Tennessee (the City), and Rutherford County, Tennessee (the County). (Doc. No. 1-1.) Martin alleges that he was on probation for ten years in Rutherford County supervised by a private entity, Providence Community Corrections (PCC), and that the County previously settled a class action lawsuit against it based on its outsourcing of probation services to PCC. (*Id.*) Before the Court are the City's motion to dismiss Martin's complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 24) and the County's motion for judgment on the pleadings under Rule 12(c) or, in the alternative, for summary judgment under Rule 56 (Doc. No. 27). Martin has responded in opposition to both motions (Doc. Nos. 34, 35) and the defendants have filed replies (Doc. Nos. 37, 38). For the reasons that follow, the Magistrate Judge will recommend that the defendants' motions be granted.

## I. Factual and Procedural Background

Martin initiated this action on October 15, 2019, by filing a complaint under 42 U.S.C. § 1983. (Doc. No. 1.) On November 22, 2019, the Court found that Martin had not signed his complaint and ordered him to return a signed copy of the complaint within fourteen days. (Doc. No. 5.) Martin filed a signed complaint on December 4, 2019.[1] (Doc. No. 1-1.) The signed complaint, which is the operative pleading in this action, consists of a partially completed form complaint for civil rights actions under § 1983 and attached pages of handwritten allegations and requests for relief. (*Id.*) Martin alleges that, "[i]n 2018[,] Murfreesboro TN, [and] Rutherford County were sued for extortion and racketeering because of . . . PCC probation" and "settled [the suit] for 14 million dollars." (*Id.* at PageID# 26.) Martin states the he "was on PCC probation [i]n Murfreesboro TN, Rutherford County for 10 y[ea]rs in which [he] was extorted, manipulated, incarcerated[, and] threatened if [he] didn't pay – which led to incarceration in and out of jail for 10 years[,] losing [his] family, homes, cars[, and] $ 60,000 dollars in back pay child support . . . ." (*Id.*) Martin further alleges that, "[o]n June 6, 2018, Murfreesboro MPD picked [him] up for a [violation of probation] from 2014 for PCC probation and gave [him] 60 days even though they were being sued" for constitutional violations related to PCC's probation practices. (*Id.* at PageID# 27.) Martin states that "they denied me legal material or any access into a law library, they didn't even let me get access to the forms to file for my claim. So I'm doing it now because they had no law library or anything." (*Id.*) Martin alleges that, "[i]n November 2018, Murfreesboro

---

[1] On January 3, 2020, the Court mistakenly dismissed this action for Martin's failure to prosecute and failure to comply with the Court's order to return a signed complaint. (Doc. No. 6.) The Court vacated that dismissal based on its finding that Martin filed a signed complaint as directed. (Doc. No. 7.)

TN Rutherford County settled" the lawsuit regarding PCC "and passed out checks[.]" (*Id.*) Martin seeks $10,450,000.00 in compensatory and punitive damages. (Doc. No. 1-1.)

On January 27, 2020, the Court granted Martin's application to proceed *in forma pauperis* and screened the complaint under 28 U.S.C. § 1915(e)(2). (Doc. No. 7.) The Court considered whether Martin's claims in this action may be barred by a class action settlement agreement in *Rodriguez v. Providence Community Corrections, Inc.*, a suit filed in 2015 against PCC and Rutherford County "which addressed . . . claims that Rutherford County's outsourcing of misdemeanor probation services to a private for-profit corporation, PCC, resulted in an unconstitutional scheme that deprived indigent probationers of their due process and equal protection rights." (*Id.* at PageID# 38.) The *Rodriguez* settlement agreement provided class members with an opportunity to claim part of a $14.3 million settlement fund in exchange for releasing all claims against PCC and Rutherford County. *See* Settlement Agreement and Release, *Rodriguez v. Providence Cmty. Corr., Inc.*, No. 3:15-cv-01048 (M.D. Tenn. Oct. 18, 2017), ECF. No. 192-1. The settlement class in the *Rodriguez* action consisted of:

> All persons who, at any time from October 1, 2011 to [October 5, 2017], (1) incurred court-imposed financial obligations arising from a traffic or misdemeanor case in Rutherford County General Sessions or Circuit Court; and (2) were supervised on probation in that case by Providence Community Corrections, Inc. or Rutherford County's Probation Department.

*Rodriguez v. Providence Cmty. Corr., Inc.*, No. 3:15-cv-01048 (M.D. Tenn. Jan. 2, 2018) (alteration in original) (order granting second unopposed motion to approve notice of class action settlement agreement, set hearing date, and authorize notice to class members). "[T]he period for filing claims, objections, and opt-out notices ran from January 26, 2018 to April 27, 2018." (Doc. No. 7, PageID# 38.) Based on the sparse allegations in Martin's complaint, this Court found that "[i]t is unclear . . . whether [he] is a member of the *Rodriguez* class." (Doc. No. 7, PageID# 40.) The Court noted that, if Martin is a class member, "his current claims pertaining to the PCC

settlement would be barred by res judicata." (*Id.*) Nevertheless, the Court found that, "[g]iven the circumstances, it [was] not appropriate to dismiss the complaint under 28 U.S.C. § 1915(e)(2)." (*Id.*)

The City then filed a motion to dismiss Martin's complaint under Rule 12(b)(6), arguing that any claims against it are barred by the applicable statute of limitations and, alternatively, that the allegations in the complaint are insufficient to state any claims for relief. (Doc. Nos. 24, 25.) The County answered Martin's complaint (Doc. No. 23) and filed a motion for judgment on the pleadings under Rule 12(c) or, in the alternative, for summary judgment under Rule 56 (Doc. No. 27). The County argues that Martin is a member of the *Rodriguez* settlement class and that his claims against it based on his probation with PCC are barred by the doctrine of res judicata. (Doc. No. 28.) It further argues that the allegations in the complaint and record evidence regarding Martin's incarceration in 2018 are insufficient to state a claim against the County and, alternatively, that any claims arising from his 2018 incarceration are barred by the applicable statute of limitations. (*Id.*)

The Court ordered Martin to respond to the City's motion to dismiss within fourteen days of being served (Doc. No. 26) and to respond to the County's motion for judgment on the pleadings or summary judgment within twenty-one days of being served (Doc. No. 30). Martin did not do so. On August 20, 2020, the Court ordered Martin to show cause by September 10, 2020, why this action should not be dismissed for his failure to prosecute or for the reasons stated in the defendants' motions. (Doc. No. 31.) On September 8, 2020, the Court received Martin's motion to submit an affidavit to show cause (Doc. No. 32) and his responses in opposition to the

4

defendants' motions (Doc. Nos. 34, 35).[2] The Court granted Martin's motion and stated that it would "consider Martin's affidavit and his responses in opposition in ruling on the pending [dispositive] motions." (Doc. No. 36.) The City and County filed replies in support of their respective motions, arguing that Martin has not shown good cause for his failure to file timely responses and, in any event, that his responses fail to address their substantive legal arguments in support of dismissal and summary judgment. (Doc. Nos. 37, 38.)

## II.     Legal Standards

### A.     Motions to Dismiss and for Judgment on the Pleadings

Courts apply the same legal standard in deciding motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and motions for judgment on the pleadings under Rule 12(c). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 886 (M.D. Tenn. 2018). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

---

[2]     The Court also received Martin's motion to appoint counsel (Doc. No. 33), which it denied (Doc. No. 41).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Martin proceeds pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Motion for Summary Judgment

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine

6

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted); *see also Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 282 (6th Cir. 2012) ("Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))). The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). However, if the moving party carries its initial burden, the non-moving party must show more than "[t]he mere existence of a scintilla of evidence in support of" his or her position. *Anderson*, 477 U.S. at 252. In order to proceed to trial, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Id.*

**III.     Analysis**

Section 1983 provides a civil cause of action to any person deprived of federal rights by a person acting under color of state law. 42 U.S.C. § 1983; *Green v. Throckmorton*, 681 F.3d 853,

859–60 (6th Cir. 2012). The Supreme Court has held that a municipal government body "can be found liable under § 1983 . . . where the municipality *itself* causes the constitutional violation at issue" through execution of its policies or customs. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. NYC Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978)). The question in resolving such claims is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.*

### A. Claims Against the City of Murfreesboro

The City's primary argument in favor of dismissal under Rule 12(b)(6) is that Martin's claims against it under § 1983 are untimely because he filed his original complaint after the one-year statute of limitations had passed. (Doc. No. 25.) Martin has not responded to this argument. His response in opposition to the City's motion to dismiss states only that "[a] complaint should not be dismissed for failure to state a claim, unless it appears beyond doubt . . . that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[.]" (Doc. No. 35.)

"The statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim[.]" *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (first citing Fed. R. Civ. P. 8(c); then citing Fed. R. Civ. P. 8(a); and then citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Consequently, "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.* There is an exception to this general rule, however, when "the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* (citing *Jones*, 549 U.S. at 215).

The only allegation in Martin's complaint regarding the City is that the Murfreesboro Police Department arrested him on June 6, 2018.[3] (Doc. No. 1-1.) Martin has not specified what federal rights he believes this arrest violated, and he has not described any conduct related to the offense that might give rise to a claim that his rights were violated. The Court could dismiss Martin's claims against the City on the basis that he has not alleged any facts that would support relief. The City suggests, however, that Martin's complaint could be liberally construed to assert a claim for false arrest in violation of the Fourth Amendment (Doc. No. 25). *Cf. Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020) ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." (quoting *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005))). Because the City proposes this construction, the Court will consider Martin's claim as one for false arrest for purposes of determining its timeliness.

Because § 1983 does not specify a limitations period, courts apply "the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631,634 (6th Cir. 2007). In Tennessee, the applicable limitations period is one year. *See id.*; *see also* Tenn. Code Ann. § 28-3-104(a)(1). "The date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635. The Supreme Court has held that the statute of limitations for a false arrest claim under § 1983 beings to run at the time of arrest or, if the arrest

---

[3] The allegations in Martin's complaint primarily concern the *Rodriguez* class action and settlement agreement. (Doc. No. 1-1.) As the City of Murfreesboro points out (Doc. No. 25), it was not a party to that case. *See Rodriguez v. Providence Cmty. Corr., Inc.*, No. 3:15-cv-01048 (M.D. Tenn. July 18, 2018) (amended order granting final approval of class settlement and plan of allocation, granting motions for attorney's fees, granting permanent injunction, and dismissing case).

is followed by criminal proceedings, "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *see also id.* at 390 ("If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." (citation omitted)). The Court takes judicial notice that, following his arrest on June 6, 2018, Martin was brought before a judge in the 16th Judicial District of the General Sessions Court of Rutherford County, Tennessee, on June 18, 2018.[4] (Doc. No. 25-5.) The statute of limitations on his false arrest claim therefore began to run no later than June 18, 2018, and expired on June 18, 2019. *See Wallace*, 549 U.S. at 397. Martin did not initiate this action until October 15, 2019. (Doc. No. 1.) Any false arrest claim against the City that Martin could plead is therefore untimely, and dismissal under Rule 12(b)(6) is appropriate.

### B. Claims Against Rutherford County

The County has submitted additional documents in support of its motion for judgment on the pleadings under Rule 12(c) or, in the alternative, for summary judgment under Rule 56. (Doc. Nos. 28-1–28-12.) Rule 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006) ("This Court has found that the mere presentation of evidence outside of the pleadings, absent the district court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) motion to a motion for summary judgment." (citing *Moody v. United States*, 774 F.2d 150, 155 n.5 (6th Cir. 1985))). The

---

[4] "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

determination of whether to convert a motion for judgment on the pleadings into a motion for summary judgment falls within the district court's discretion. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (holding that "[a] district court's decision to convert a motion to dismiss under Rule 12(b)(6) [or motion for judgment on the pleadings under Rule 12(c)] into a motion for summary judgment under Rule 56 is reviewed for abuse of discretion").

The Court finds that consideration of the outside materials presented here is appropriate and will therefore treat the County's motion as one for summary judgment. The Court further finds that all parties had a reasonable opportunity to present summary judgment evidence and notice of this conversion is not required because the County moved for summary judgment in the alternative and presented outside evidence in support of its motion. Thus, "there will be no surprise to either party for the Court to convert the . . . motion for judgment on the pleadings to [a] summary judgment motion[ .]" *Ent. Prods., Inc. v. Shelby Cnty.*, No. 08-2047, 2009 WL 10699869, at *3 (W.D. Tenn. Sept. 29, 2009).

### 1. PCC Probation Claims

The County argues that there is no genuine dispute of material fact that Martin is a member of the *Rodriguez* settlement class and that his claims against it based on his PCC probation are therefore barred by the doctrine of res judicata. (Doc. No. 28.) Martin has not responded directly to this argument. His response in opposition to the County's motion only argues generally that "Rutherford County . . . got off easy with PCC" and "willingly and knowingly let this happen for years." (Doc. No. 34, PageID# 188, 189.)

"The doctrine of res judicata bars subsequent causes of action when a court of competent jurisdiction already has rendered a final decision on the merits involving the same parties and claims in a prior action." *Consolidation Coal Co. v. Maynes*, 739 F.3d 323, 327 (6th Cir. 2014). The purpose of this doctrine "'is to promote the finality of judgments and thereby increase

certainty, discourage multiple litigation, and conserve judicial resources.'" *King v. S. Cent. Bell Tel. & Tel. Co.*, 790 F.2d 524, 528 (6th Cir. 1986) (quoting *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)). The Sixth Circuit has held that "these principles apply with equal and even greater force" "[i]n the context of class actions[.]" *Id.* Accordingly, a prior judgment in a class action will bar claims on the basis of res judicata when: (1) the parties are identical in both actions; (2) the prior judgment was rendered by a court of competent jurisdiction; and (3) there was a final judgment on the merits and both cases involve the same cause of action. *Id.*

The County has pointed to record evidence showing that Martin was a member of the *Rodriguez* class and was notified of the settlement agreement but failed to submit a claim form or opt out of the class by the established deadline. (Doc. Nos. 28-12, 29.) Specifically, the County asserts in its statement of undisputed material facts that: "[a] [n]otice of the proposed class action settlement was mailed to [Martin] on January 26, 2018"; the "[n]otice included an opt-out, objection, and claim filing deadline of April 27, 2018[;]" and the "[n]otice was not returned to [the settlement administrator] as undeliverable by the USPS." (Doc. No. 29, PageID# 172, ¶ 1.) "A second 'reminder' [n]otice was mailed to [Martin] on March 26, 2018" and "was not returned . . . as undeliverable." (*Id.* at PageID# 172, ¶ 2.) The County asserts that the settlement administrator "did not receive a claim form from [Martin] . . . ." (*Id.* at PageID# 173, ¶ 3.) Martin has not responded to these assertions of fact, and the Court considers them undisputed for purposes of summary judgment. *See* M.D. Tenn. R. 56.01(f) (failure to respond) ("If a timely response to a moving party's statement of material facts . . . is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment."). The Court therefore finds, based on the summary judgment evidence, that there is no genuine dispute

12

of material fact that Martin is a member of the *Rodriguez* settlement class, was notified of his ability to submit a claim or opt out of the action, and did not submit a claim.[5]

Because there is no genuine dispute that Martin is a *Rodriguez* class member, and because the County was a defendant to that action, there is an exact identity of parties for res judicata purposes. *See King*, 790 F.2d at 529. The judgment in *Rodriguez* was rendered by this Court, which is a court of competent jurisdiction. And the judgment in *Rodriguez* was a final judgment that adjudicated all claims or potential claims against the County related to probation sentences, supervision, and services and the imposition or collection, enforcement, or payment of court-imposed fines. *See Rodriguez v. Providence Cmty. Corr., Inc.*, No. 3:15-cv-01048 (M.D. Tenn. July 18, 2018) (amended order granting final approval of class settlement and plan of allocation, granting motions for attorney's fees, granting permanent injunction, and dismissing case); Settlement Agreement and Release, *Rodriguez v. Providence Cmty. Corr., Inc.*, No. 3:15-cv-01048 (M.D. Tenn. Oct. 18, 2017), ECF. No. 192-1. Martin's claims against the County arising out of his probation are therefore barred by res judicata. *See King*, 790 F.2d at 528–29.

Martin had the opportunity to seek relief for the harm he alleges through the class action settlement in *Rodriguez* and failed to do so. The docket in *Rodriguez* also shows that only one individual opted out of the settlement class, and it was not Martin. *See* Affidavit of Kelly Kratz at ¶ 15, *Rodriguez v. Providence Cmty. Corr., Inc.*, No. 3:15-cv-01048 (M.D. Tenn. May 4, 2018), ECF. No. 218-1. Because Martin did not make a claim under or opt out of the *Rodriguez* settlement, this Court cannot provide him another avenue to seek relief for the wrongs addressed in that action.

---

[5] The docket in *Rodriguez* establishes that only one individual opted out of the settlement class, and it was not Martin. *See* Affidavit of Kelly Kratz at ¶ 15, *Rodriguez v. Providence Cmty. Corr., Inc.*, No. 3:15-cv-01048 (M.D. Tenn. May 4, 2018), ECF. No. 218-1.

### 2. 2018 Incarceration Claims

The only remaining allegations in Martin's complaint concern denial of access to legal materials during his incarceration in 2018. (Doc. No. 1-1.) Martin alleges that he was "denied . . . legal material or any access into a law library" and denied "access to the forms to file for [his] claim." (*Id.* at PageID# 27.) The Court liberally construes these allegations as a claim for violation of Martin's constitutional right of access to the courts. *See Flagg v. City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013) ("The Supreme Court has recognized a constitutional right of access to the courts, whereby a plaintiff with a nonfrivolous legal claim has the right to bring that claim to a court of law."). The Sixth Circuit has held that "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999); *see also Lewis v. Casey*, 518 U.S. 343, 355 (1996) (holding that "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration"). To prevail on an access-to-courts claim, Martin must "show actual prejudice to pending or prospective litigation which challenges a sentence or conditions of confinement . . . ." *Houston v. Seng*, 20 F. App'x 384, 385 (6th Cir. 2001). "Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004).

The County argues that it is entitled to summary judgment on Martin's access-to-courts claim because he has not satisfied the actual prejudice requirement and because the record evidence shows that he never requested legal materials during his incarceration in 2018. (Doc. No. 28.) Specifically, the County asserts in its statement of undisputed material facts that Martin was in the custody of the Rutherford County Adult Detention Center from June 6, 2018 until June 20, 2018, and the Rutherford County Correction Work Center from about June 20, 2018 until July 13, 2018,

14

during which time he "never made any request for any claim forms or other legal material" and did not "lodge any type of grievance regarding the same[.]" (Doc. No. 29, PageID# 173, ¶ 6; *see also id.* at PageID# 174, ¶ 10.) Because Martin has not responded in opposition to these asserted facts, the Court considers them undisputed for purposes of summary judgment. *See* M.D. Tenn. R. 56.01(f) (failure to respond).

The Court finds, based on the summary judgment evidence, that there are no genuine disputes of material fact regarding Martin's access-to-courts claim and the County is entitled to summary judgment as a matter of law. The County has offered undisputed evidence that Martin never requested access to legal materials during his incarceration. *Cf. Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (holding that pre-trial detainee "was not denied access to the courts because the record disclosed that jail officials were in the practice of providing legal materials to inmates 'upon request'"). Further, Martin has not identified or provided summary judgment evidence regarding any actual or potential litigation challenging his sentence or conditions of confinement. If the harm Martin alleges is not being able to file a claim in the *Rodriguez* settlement, it is undisputed that the claims period closed on April 27, 2018, before Martin was incarcerated. Martin therefore has not identified any question of material fact that he could establish the actual prejudice required to prevail on an access-to-courts claim. *See Houston*, 20 F. App'x at 385. Based on the record evidence in this action, no reasonable jury could find for Martin.

## IV.    Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the City's motion to dismiss (Doc. No. 24) and the County's motion for summary judgment (Doc. No. 27) be GRANTED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 19th day of January, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge