UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARQUES MARTIN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 3:19-cv-00914 |
| | ) |
| CITY OF MURFREESBORO, | ) |
| TENNESSEE, et al., | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 45) recommending that the Court grant Defendant City of Murfreesboro's Motion to Dismiss (Doc. No. 24) and Defendant Rutherford County's Motion for Summary Judgment (Doc. No. 27). Plaintiff Marques Martin has filed an objection to the R&R (Doc. No. 46), to which Defendants have responded (Doc. Nos. 48, 49). For the following reasons, the R&R will be approved and adopted.

### I.   BACKGROUND

The Magistrate Judge has carefully recounted the factual and procedural background of this case. (Doc. No. 45 at 1–5). As the R&R explains in detail, Martin was on probation in Rutherford County for ten years. (Id. at 1). A private entity, Providence Community Corrections ("PCC"), supervised his probation. (Id.). Martin brought a complaint under 42 U.S.C. § 1983 alleging that he was "extorted, manipulated, [and] incarcerated" by Defendants and PCC. (Doc. No. 1; see also Doc. No. 45 at 2). In light of Martin's pro se status, the Magistrate Judge liberally construed his allegations as including claims for: 1) false arrest against the City of Murfreesboro; 2) extortion and manipulation claims against Rutherford County and PCC; and 3) an

unconstitutional access to courts violation against Rutherford County. (Doc. No. 45 at 9, 11, 14).

At issue here is whether Martin was a member of a class action settlement that bars his claims. In 2015, a class action suit was filed, and eventually settled, "which addressed . . . claims that Rutherford County's outsourcing of misdemeanor probation services to . . . PCC, resulted in an unconstitutional scheme that deprived indigent probationers of their due process and equal protection rights." (Doc. Nos. 1 at 3; 7 at 4-5); see also Rodriguez v. Providence Cmty. Corr., Inc., No. 3:15-cv-01048, 155 F. Supp. 3d 758, 768-69 (M.D. Tenn. 2017). Pursuant to the settlement agreement, class members could claim a portion of a $14.3 million settlement fund "in exchange for releasing all claims against PCC and Rutherford County." (Doc. No. 45 at 3 (citing Settlement Agreement and Release, Rodriguez v. Providence Cmty. Corr., Inc., No. 3:15-cv-01048 (M.D. Tenn. Oct. 18, 2017), ECF No. 192-1)). Under the terms of the settlement agreement, the class included "[a]ll persons who, at any time from October 1, 2011 to [October 5, 2017] . . . were supervised on probation in . . . a traffic or misdemeanor case in Rutherford County General Sessions or Circuit Court . . . and were supervised on probation . . . by [PCC]." (Doc. No. 45 at 3 (citing Rodriguez, No. 3:15-cv-01048 (M.D. Tenn. Jan. 2, 2018) (order granting second unopposed motion to approve notice of class action settlement agreement))).

Defendant Rutherford County filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), or, alternatively, for summary judgment under Rule 56. (Doc. No. 27). The County argues that Martin's claims against it are barred by res judicata because he was a member of the Rodriguez settlement class and therefore released his claims. (Id. at 1). Defendant Murfreesboro filed a Motion to Dismiss, arguing that Martin's claims against it are: 1) barred by the applicable statute of limitations; or 2) fail to state a sufficient claim under § 1983. (Doc. Nos. 24, 25 at 4, 6).

2

## II. STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's R&R depends upon whether a party files objections. If a party objects to portions of the R&R, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## III. PLAINTIFF'S CLAIMS AGAINST RUTHERFORD COUNTY

As an initial matter, the Court agrees with the Magistrate Judge's conversion of Rutherford County's Motion for Judgment on the Pleadings into a Motion for Summary Judgment. (Doc. No. 45 at 10-11). In the Sixth Circuit, a court should convert motions for judgment on the pleadings into motions for summary judgment if it accepts materials outside the pleadings. See Max Arnold & Sons, LLC v. W.L. Hailey & CO., 452 F.3d 494, 503 (6th Cir. 2006). However, each party should have sufficient notice of the conversion as well as a "reasonable opportunity to present all materials made pertinent to such a motion." Id. at 504 (citing Fed. R. Civ. P. 12(c)). Here, Rutherford County appended to its Motion, and the Court accepted, several exhibits, including judgments against Martin, affidavits, and declarations. (Doc. Nos. 28-1–28-12). Moreover, Martin has "not argued otherwise" in his Objection to the R&R, suggesting he had "adequate notice of the conversion and a sufficient opportunity to respond." Max Arnold & Sons, LLC, 452 F.3d at 504. Accordingly, the Magistrate Judge appropriately converted Rutherford County's Motion for Judgment on the Pleadings to a Motion for Summary Judgment.

The Court now turns to Martin's two claims against Rutherford County.

3

A.  Whether Martin's PCC Claims are Barred by Res Judicata

The R&R concludes that Martin's claims against Rutherford County "arising out of his probation are . . . barred by res judicata" because there is no genuine dispute of material fact on whether he was a member of the Rodriguez settlement class. (Doc. No. 45 at 13). Martin objects that he was "not a member of the Rodriguez class," and that he did not get a "form" to make a claim for the settlement fund. (Doc. Nos. 46; 46-1; 47). Martin also objects that his claim is not against the PCC, but against Murfreesboro and Rutherford County's judicial system "for letting this go on for years," despite knowing about it and "prey[ing] on us citizens to make millions." (Doc. No. 46). Rutherford County responds that Martin has failed to identify anything in the record that discredits the Magistrate Judge's finding that Martin was indisputably a member of the class. (Doc. No. 48 at 1).

"The doctrine of res judicata bars subsequent causes of action when a court of competent jurisdiction already has rendered a final decision on the merits involving the same parties and claims in a prior action." Consolidation Coal Co. v. Maynes, 739 F.3d 323, 327 (6th Cir. 2014). The purpose of the doctrine is "to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." Musleh v. Am. S.S. Co., 326 F. Supp. 3d 507, 515 (E.D. Mich. 2018) (citing Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981)).

Here, Martin's claims are barred by the doctrine of res judicata because, despite his objections to the contrary, he was a member of the Rodriguez class and the County was a defendant in that action. Under the terms of the settlement agreement, the class included "[a]ll persons who, at any time from October 1, 2011 to [October 5, 2017] . . . were supervised on probation in . . . a traffic or misdemeanor case in Rutherford County General Sessions or Circuit Court . . . and were

4

supervised on probation . . . by [PCC]." (Doc. No. 45 at 3 (citing Rodriguez, No. 3:15-cv-01048 (M.D. Tenn. Jan. 2, 2018))). Martin himself admits that he was on probation during this time period, as the supporting documents attached to his objection reference his probation status. (Doc. No. 46-1).

Moreover, the County has presented substantial evidence that "[a] notice of the proposed class action settlement was [] mailed to Marques Delance Martin on January 26, 2018," and included "an opt-out, objection, and claim filing deadline of April 27, 2018." (Doc. No. 28-12). The County also made several factual assertions in its Statement of Undisputed Facts to which Martin failed to respond. Among these assertions were that neither the County's mailed class action settlement notice, nor a follow-up reminder, were returned as undeliverable by the U.S. Postal Service, and that the settlement administrator never received a claim from Martin. (Doc. No. 29). The Magistrate Judge appropriately deemed these facts admitted for purposes of summary judgment. See M.D. Tenn. R. 56.01(f) (providing that a court shall deem facts not timely responded to as undisputed for purposes of summary judgment). Accordingly, the Court concludes that there is no genuine dispute of material fact that Martin was a member of the Rodriguez class, and that his PCC-related claims against Rutherford County are therefore barred by the doctrine of res judicata.

B.  Martin's Access to Courts Claim

The R&R also concludes that there are "no genuine disputes of material fact regarding Martin's access to courts claim and the County is entitled to summary judgment as a matter of law." (Doc. No. 45 at 15). Martin does not object to this conclusion. The Court agrees with the R&R.

In his complaint, Martin alleges that he was denied legal materials during his incarceration,

5

and that the denial delayed his ability to timely file an action. (Doc. Nos. 1-1; 45 at 14). The Magistrate Judge liberally construed Martin's allegations as a "claim for violation of Martin's constitutional right of access to the courts." (Doc. No. 45 at 14 (citing Flagg v. City of Detroit, 715 F.3d 165, 173 (6th Cir. 2013))). "It is well established that prisoners have a constitutional right of access to the courts." Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999) (citing Lewis v. Casey, 518 U.S. 343 (1996)). However, the right is "not a generalized 'right to litigate' but a carefully-bounded right" that has been found to extend only to "direct appeals, habeas corpus applications, and civil rights claims." (Id.). To bring an access to courts claim, a claimant must show "actual prejudice to pending or prospective litigation." Houston v. Seng, 20 F. App'x 384, 385 (6th Cir. 2001).

Here, the County presented evidence that Martin "never made any request for any claim forms or other legal material," nor did he "lodge any type of grievance" regarding his access to the courts. (Doc. No. 29 ¶¶ 6-10). And, as with Martin's PCC claims, the Magistrate Judge appropriately deemed these factual assertions admitted for purposes of summary judgment because Martin failed to respond. See M.D. Tenn. R. 56.01(f). Accordingly, the Court concludes that there is no genuine dispute of material fact as to Martin's ability to access the courts during his 2018 incarceration.

### IV. PLAINTIFF'S CLAIMS AGAINST THE CITY OF MURFREESBORO

The R&R further concludes that Martin's § 1983 claim against the City of Murfreesboro was time-barred under the statute of limitations. (Doc. No. 45 at 8). The Court notes that Martin does not directly object to this conclusion. Instead, as discussed in the above analysis of Martin's Rutherford County claims, Martin makes a blanket objection that his claims are against Murfreesboro and Rutherford County's judicial system "for letting [the arrangement with PCC] go on for years," despite knowing about it and "prey[ing] on us citizens to make millions." (Doc.

No. 46). The Magistrate Judge liberally construed the § 1983 claim as one for false arrest in violation of the Fourth Amendment. (Doc. No. 45 at 9). Defendant Murfreesboro argues that Martin's objection fails to properly and specifically challenge the R&R's conclusions, as required by law. (Doc. No. 49 at 2).

Generally, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Bradley v. United States, 2018 WL 5084806, at *3 (6th Cir. Sep. 17, 2018) (citing Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001)). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial [pleading], 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[] to several of the issues in the case.'" Id. (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

Here, Martin's blanket objection is insufficient to effectively challenge the R&R's findings as to his § 1983 claim against Murfreesboro. Martin sweepingly claims that "[t]he judicial system knew what was going on and they preyed on us citizens to make millions." (Doc. No. 46). These words do no more than "simply 'object[] to the report and recommendation and refer[] to several" of the case's issues. Bradley, 2018 WL 5084806, at *3. Accordingly, the Court concludes that Martin has failed to properly and specifically object to the R&R's conclusion that his § 1983 claim was time-barred.[1]

---

[1] The Court alternatively notes that Martin's claims against Defendant Murfreesboro were indeed time-barred under the relevant statute of limitations. In Tennessee, the statute of limitations for a § 1983 false arrest claim in violation of the Fourth Amendment is one year. See Tenn. Code. Ann. § 28-3-104(a)(1); see also Eidson v. State of Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007) (noting that the one year state statute of limitations applies to § 1983 claims, which, despite involving a federal question, does not specify a limitations period). The R&R correctly concluded that the claim's one-year statute of limitations expired on June 18, 2019, nearly four

## V. CONCLUSION

For the foregoing reasons, Plaintiff's objections are **OVERRULED** and the R&R (Doc. No. 45) is **APPROVED AND ADOPTED**. All other pending motions are terminated, and this case is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

months before Martin initiated this action (Doc. No. 45 at 10).